# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

DENNIS W. SPRATT,                              )
                                               )
                    Plaintiff,                 )
                                               )        CAUSE NO. 1:05-CV-254 TS
          vs.                                  )
                                               )
DeKALB COUNTY JAIL, *et al.*,                  )
                                               )
                    Defendants.                )

## OPINION AND ORDER

Dennis W. Spratt, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant

to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the

action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure

12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state

a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when

addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove
> no set of facts in support of his claim which would entitle him to relief. Allegations
> of a pro se complaint are held to less stringent standards than formal pleadings
> drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>         In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court
> requires only two elements: First, the plaintiff must allege that some person has
> deprived him of a federal right. Second, he must allege that the person who has
> deprived him of the right acted under color of state law. These elements may be put
> forth in a short and plain statement of the claim showing that the pleader is entitled
> to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss,
> no more is required from plaintiff's allegations of intent than what would satisfy Rule
> 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be
> pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Spratt alleges that he was denied medical care in the county jail where he was being held as a pretrial detainee. Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003).

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d at 1373. Mr. Spratt alleges that "the pain I was suffering was so bad it doubled me over and was causing shortness of breath, for several hours on end." (Compl. at 3, docket # 1.) Giving Mr. Spratt the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, the Court finds that he has alleged a serious medical need.

However, Mr. Spratt has not shown that the Defendants were deliberately indifferent toward him so as to state an Eighth Amendment claim.

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff

2

was at serious risk of being harmed and decided not to do anything to prevent that
harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation

omitted). "Negligence on the part of an official does not violate the Constitution, and it is not enough

that he or she should have known of a risk. Instead, deliberate indifference requires evidence that

an official actually knew of a substantial risk of serious harm and consciously disregarded it

nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Deliberate

indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of

serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677

(7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting

harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). It is not

enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206,

1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate

indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Mr. Spratt states that his request to go to the hospital was refused by the nurse. He alleges

that the nurse determined that his condition did not warrant transporting him to the hospital. Mr.

Spratt disagreed with the nurse, but "[u]nder the Eighth Amendment, [a prisoner] is not entitled to

demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262,

267 (7th Cir.1997). Even if the nurse's evaluation was unreasonable, even if she were committing

malpractice, this would not state a claim under § 1983. Mr. Spratt's condition was evaluated by the

nurse.

The nurse determined that Mr. Spratt's condition was not a serious medical need which

warranted him being transported to the hospital. Perhaps the nurse was wrong; perhaps Mr. Spratt

really did have a serious medical need and urgently needed to go to the hospital; perhaps the nurse was negligent or incompetent. Nevertheless, the nurse is not liable under § 1983 because the facts alleged in this complaint could not support a finding of deliberate indifference which requires the total disregard for a prisoner's safety: the functional equivalent of wanting harm to come to the prisoner. The Eighth Amendment does not require medical success nor even reasonable treatment, it merely prohibits wanting harm to come to a prisoner. Even if his treatment was substandard, unreasonable, negligent, or an act of medical malpractice, the facts alleged by Mr. Spratt do not state a federal constitutional claim.

Mr. Spratt also alleges that several guards also refused to have him transported to the hospital. He states that some of these guards were sympathetic and others were not, but that all of them stated that the nurse said that he did not need to go to the hospital. This is not deliberate indifference. Each guard acknowledged that Mr. Spratt had a medical problem and none of them disregarded that problem. They all knew that he had been evaluated by a member of the medical staff and they followed orders when they implemented the medical determination that he did not need to go to the hospital. It is otherwise irrelevant whether they were personally sympathetic or not.

Finally, Mr. Spratt names the Dekalb County Jail as a defendant. A jail is a building and it is not a suable entity. Neither is the jail alleged to have been personally involved in his medical treatment.

For the forgoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. §1915A.

SO ORDERED on August 12, 2005.

      S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT